**Case No. 25-11099**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

WESLEASE 2018 OPERATING, L.P.,
*Plaintiff - Appellee*,

v.

LINDA BEHAN; DALE E. BEHAN,
*Defendants - Appellants,*

v.

J. ROBERT FORSHEY, RECEIVER,
*Appellee.*

---

On Appeal from the United States District Court
For the Northern District of Texas, Fort Worth Division
No. 4:20-cv-776

---

## BRIEF OF APPELLEE RECEIVER

---

J. Robert Forshey
State Bar No. 07264200
**VARTABEDIAN KATZ HESTER &
HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
bobby.forshey@vkhh.com
(817) 214-4990

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

- Dale and Linda Behan - as Defendants-Appellants,

- Weslease 2018 Operating LP - as Plaintiff in Cause No. 4:20-cv-00776-P in the District Court for the Northern District of Texas,

- J. Robert Forshey, Receiver, appointed in Cause No. 4:20-cv-00776-P,

- J. Shelby Sharpe - counsel for Defendants-Appellants,

- Justin N. Byran of McCathern, PLLC - counsel for Weslease 2018 Operating, L.P., the Plaintiff in Cause No. 4:20-cv-00776.

*/s/ J. Robert Forshey*
J. Robert Forshey

ii

## STATEMENT REGARDING ORAL ARGUMENT

The Appellee Receiver does not request oral argument and believes that this frivolous appeal can be easily resolved without the need for oral argument.

**JURISIDCTIONAL STATEMENT**

1.　　The Appellee Receiver does not dispute this Court's subject matter jurisdiction over this appeal as to the Orders appearing at ROA.10269-10270 and ROA.10272 and which are referred to in the Statement of the Case as the "Disclosure Order" and the "Driving Order." The third order appealed from (ROA.9282-9215), and which is referred to in the Statement of the Case as the "Interim Order," was not a final, appealable order and no leave has been sought or granted for an interlocutory appeal.　To the extent, if any, that the Court treats this as an appeal of the "Final Order" appearing at ROA.11625-11631, the appeal is frivolous as the Appellants, through their counsel of record, indicated that they had withdrawn their objection to the relief sought by the Receiver in the Final Order.

2.　　Appellee disputes the Appellants' standing to appeal the Final Order as aggrieved parties.　Standing to sue or appeal is a nonwaivable jurisdictional requirement. *Virginia House of Delegates v. Bethune-Hill*, 587 U.S. 658, 666 n.3 (2019).　The appellant has the burden to establish standing to bring an appeal. *McCardell v. U.S. Dept. of Housing and Urban Dev.,* 794 F.3d at 510, 516 (5th Cir. 2015), citing *Martin v. Halliburton,* 618 F.3d 476, 481 (5th Cir. 2010).

3.　　Appellants have made no showing to establish their standing to appeal the Final Order.

iv

## **Table of Contents**

I. Preliminary Statement ...............................................................................1

II. Statement of the Case .............................................................................1

III. Summary of Argument............................................................................6

IV. Arguments and Authorities......................................................................7

    A.   This appeal is frivolous...............................................................................7

    B.   The Appellants withdrew their objection to the entry of the Final Order granting relief under section 543(d)(1). ...............................................................8

    C.   The District Court did not abuse its discretion in granting relief pursuant to section 543 (d)(1) in the Final Order. ................................................................12

    D.   The Appellants are not persons aggrieved by the Final Order and lack standing to appeal it. ......................................................................................16

    E.   The automatic stay was modified in both the Interim Order and the Final Order. ..............................................................................................................18

    F.   Section 1112(b) has no application to this appeal. .......................................19

    G.   Bankruptcy R. Pr. 8007 has no applicability to this appeal............................20

    H.   The Receiver did not violate either of sections 362 or 543............................21

    I.   There is no issue of bad faith under the *Little Creek* opinion. ......................22

    J.   Appeal brought in bad faith. .......................................................................22

V. Prayer for Relief .....................................................................................22

## Table of Authorities

**Page(s)**

**Cases**

*Furlough v. Cage (In re Technicool Sys. Inc.)*,
   896 F.3d 382 (5th Cir. 2018) ........................................................................ 16, 18

*In re ACIS Capital Management, L.P.*,
   604 B.R. 484 (N.D. Tex. 2019) ............................................................................ 17

*In re Camp Arrowhead, Ltd.*,
   451 B.R. 678 (Bankr. W.D. Tex. 2011) ................................................................. 17

*In re Commercial Western Finance Corp.*,
   761 F.2d 1329 (9th Cir. 1985) .............................................................................. 17

*In re Constable Plaza Assocs., L.P.*,
   125 B.R. 189 (Bankr. S.D.N.Y. 1991) ................................................................. 13

*In re Dill,*
   163 B.R. 221 (E.D.N.Y. 1994) ......................................................................... 12, 13

*In re Franklin,*
   476 B.R. 545 (Bankr. N.D. Ill. 2012) ................................................................... 13

*In re Little Creek Development, Co.*,
   779 F.2d 1068 (5th Cir. 1986) .............................................................................. 22

*In re Orchards Village Investments, LLC*,
   405 B.R. 341 (Bankr. D. Or. 2009) ...................................................................... 13

*In re Parr*, 732 Fed. Appx 714 (10th Cir. 2018) ..................................................... 17

*In re Palmaz Scientific, Inc.*,
   262 F. Supp. 3d 428 (W.D. Tex. 2017) ................................................................ 17

*In re Picacho Hills Utility, Co., Inc.*, No. 11-13-10742
   TL, 2013 WL 1788298 (Bankr. D.N.M. April 26, 2013) ..................................... 13

*In re Ray,* 597 F.3d 871 (7th Cir. 2010) ................................................................ 17

*In re Schultz Mfg. Fabricating Co.,*
  956 F.2d 686 (7th Cir. 1992) .................................................................... 17

*In re Uno Broadcasting,*
  167 B.R. 189 (Bankr. D. Ariz. 1994) ........................................................ 13

*In re Weston,* 18 F.3d 860 (10th Cir. 1994) ............................................................ 17

*Martin v. Haliburton,* 618 F.3d 476 (5th Cir. 2010) ............................................iv, 17

*McCardell v. U.S. Dept. of Housing and Urban Dev.,*
794 F.3d 510 (5th Cir. 2015) ......................................................................iv, 17

*Reeder Real Estate L.P. v. DAK Development LLC* (In re Tony3Cars, LLC),
  2020 WL 13561593 (N.D. Tex. Dec. 4, 2010 ........................................ 17

*Rohm & Hass Texas, Inc. v. Ortiz Bros. Insulation, Inc.*,
  32 F.3d 205 (5th Cir. 1994) ...................................................................... 17

*Rollins v. Home Depot USA*,
  8 F.4th 720 (5th Cir. 2025) ....................................................................11, 16

*SEC v. Hallam,* 42 F.4th 316 (5th Cir. 2022) .......................................................... 18

*Shahrashoob v. Tex. A&M University,*
  125 F.4th 641 (5th Cir. 2025) .................................................................11, 16

*Trabucco v. Rivera,*
  141 F.4th 720 (5th Cir. 2025) .................................................................11

*United States v. Bowen,*
  818 F.3d 179 (5th Cir. 2016) .................................................................... 18

*United States v. Zuniga,*
  860 F.3d 276 (5th Cir. 2017) .................................................................... 12

*Virginia House of Delegates v. Bethune-Hill,*
  587 U.S. 658 (2019) .................................................................................. iv

## Statutes

11 U.S.C. § 362(a)...................................................................... 1, 2, 3, 4, 5, 9, 19, 21

11 U.S.C. § 543(a), (b)................................................................... 12, 16, 21

11 U.S.C. § 543(d)(1), (2) ....................2, 3, 5, 7, 8, 9, 10, 12, 13, 14, 15, 16, 20, 22

11 U.S.C. § 1112 ................................................................................ 7, 19, 20

28 U.S.C. § 151 ............................................................................................. 8

28 U.S.C. § 157(a), (d)............................................................................. 8, 9

28 U.S.C. § 158(a) ....................................................................................... 20

28 U.S.C. § 1334(a) ................................................................... 8, 16, 20, 21

## Rules

Fed. Bank. R. Pr. 8007 ................................................................... 7, 20, 21

## I. **Preliminary Statement**

1.     This appeal relates to relief granted by the District Court after Appellants' counsel of record withdrew their objections to the relief requested. Appellee Receiver filed a Certificate of Conference (ROA.11480-11481) so reflecting.   Appellants have never disputed the accuracy or substance of the Certificate of Conference.  Both Appellants were present at the final hearing, and likewise failed to make any objection to the relief requested or to Appellee's proffer to the District Court that their counsel of record had withdrawn their objection to the relief requested.

2.     This appeal also asserts that the Appellee Receiver violated the automatic stay under section 362(a) of the Bankruptcy Code through the entry of two orders by the District Court enforcing his rights as Receiver.  However, before this relief was either requested or granted, the Receiver had already obtained appropriate relief from the automatic stay.

3.     Appellants' Brief never acknowledges, much less addresses, these clearly dispositive issues.  As such, this appeal is frivolous and brought is bad faith.

## II. **Statement of the Case**

4.     The Receiver was appointed pursuant to an Order ("Receiver Order") (ROA.5215-5231) entered on September 27, 2024.  The Receiver Order gave the Receiver control and possession over all of the Appellants' non-exempt property.

1

5.    On September 8, 2025, the Appellants commenced a Chapter 11 bankruptcy case as Case no. 25-43412-mxm in the United States Bankruptcy Court for the Northern District of Texas.  Appellants apprised the Receiver of the filing of their bankruptcy case by filing a Suggestion of Bankruptcy (ROA.9144-9147) on September 12, 2025.

6.    On September 15, 2025, the Receiver filed a *Receiver's Motion to Sever, for an Interim Order Under Sections 543(d)(1), and for Determination that the Automatic Stay is not Applicable* ("Original Motion") [ECF 514] (ROA.9152-9168), and a *Receiver's Amended Motion for an Interim Order Under Sections 543(d)(1) and 305(A)(1), for Relief from the Automatic Stay, and Limited Withdrawal of the Reference* ("Amended Motion") [ECF 517] (ROA.9172-9189).  Both the Original Motion and the Amended Motion sought to continue the Receiver in possession and control of the Appellants' non-exempt assets pursuant to section 543(d)(1) of the Bankruptcy Code, which relief is based upon the best interests of the creditors.  It also sought to modify the automatic stay under section 362(a) of the Bankruptcy Code to allow the Receiver to continue to administer the Appellants' non-exempt assets pursuant to the Receiver Order.

7.    Acting through their counsel, Appellants then filed a *Response to Receiver's Amended Motion for an Interim Order Under Section 543(d)(1) and*

*305(a)(1), for Relief from the Automatic Stay, and Limited Withdrawal of the Reference* [ECF 519] (ROA.9191-9197).

8.      The Receiver then filed a *Receiver's Reply to the Response to Receiver's Amended Motion for an Interim Order Under Sections 543(d)(1) and 305(a)(1), for Relief from the Automatic Stay, and Limited Withdrawal of the Reference* [ECF 521] (ROA.9221-9269).

9.      On September 19, 2025, the District Court granted the Amended Motion on a preliminary basis by entering an *Order Granting Receiver's Amended Motion for Interim Order Under Sections 543(d)(1) and 305(a)(1), for Relief from the Automatic Stay, and Limited Withdrawal of the Reference* ("Interim Order") [ECF 525] (ROA.9282-9285).  The Interim Order grants preliminary relief to the Receiver under section 543(d)(1) which allows the Receiver to remain in place, the filing of the bankruptcy case notwithstanding, based on a finding that this is in the best interests of the creditors.  The Interim Order also grants relief from the automatic stay pursuant to section 362(a) of the Bankruptcy Code to allow the Receiver to continue to administer the receivership assets in accordance with the terms of the Receiver Order.

10.     On September 19, 2025, the *Receiver filed a Receiver's Motion for Disclosure of Assets Located at 5000 CR 309, Cleburne, Texas, 76031, for Entry of an Order Requiring Defendants to Provide the Receiver Access to the Cleburne*

*Property, and for Entry of an Order Preventing the Removal of Assets from the Cleburne Property* ("Disclosure Motion") [ECF 529] (ROA.9297-9301).  The Disclosure Motion sought to enforce the Receiver Order to require Appellants to disclose certain assets as required by the Receiver Order.  At the time the Disclosure Motion was filed, the Interim Order had already been entered modifying the automatic stay to allow the Receiver to continue to administer the Appellants' non-exempt assets pursuant to the Receiver Order.

11.    On September 25, 2025, the District Court entered an Order [ECF 549] ("Disclosure Order") (ROA.10269-10270) ordering the Appellants to make full disclosure regarding the telephone numbers used by them and all tangible personal property held by them.  The Interim Order modifying the automatic stay pursuant to section 362(a) to allow the Receiver to continue to act under the Receiver Order had already been entered on September 19, 2025.

12.    On September 26, 2025, the District Court entered a second Order ("Driving Order") [ECF 550] (ROA.10272) ordering the Appellants to deliver certain vehicles held by them to a location designated by the Receiver.  When the Driving Order was entered, the automatic stay had already been modified in the Interim Order.

13.    On September 26, 2025, the Appellants filed a Notice of Appeal (Document 1) as to the Interim Order (ROA.9282-9285), the Disclosure Order (ROA.10269-10270), and the Driving Order (ROA.10272).

14.    On October 2, 2025, the *Receiver filed a Receiver's Second Amended Motion for Interim and Final Orders Under Sections 543(d)(1) and 305(A)(1), for Relief from the Automatic Stay, and Limited Withdrawal of the Reference* ("Second Amended Motion") [ECF 572] (ROA.10460-10478) seeking relief under section 543(d)(1) and to appropriately modify the automatic stay under section 362(a) to allow the Receiver to continue to administer the receivership property.

15.    The hearing for final relief on the Second Amended Motion was set for October 9, 2025.  Prior to that hearing, on October 8, 2025, the Receiver filed a *Certificate of Conference* [ECF 588] (ROA.11480-11481) reflecting that the counsel of record for the Appellants had withdrawn their objections to the relief sought in the Second Amended Motion and did not intend to appear at the final hearing.

16.    As promised, the Appellants' bankruptcy counsel did not appear at the hearing.  Although both of the Appellants were present (ROA.11747-48), and Mr. Behan addressed the District Court (ROA.11759), no objection was made by Appellants to the granting of the Second Amended Motion.

17.    On October 9, 2025, the District Court entered the *Final Order Granting Receiver's Second Amended Motion for Interim and Final Orders Under*

5

*Sections 543(d)(1) and 305(a)(1), for Relief from the Automatic Stay, and Limited Withdrawal of the Reference* ("Final Order") [ECF 595] (ROA.11643-11645).

18.    No notice of appeal was ever filed as to the Final Order (ROA.11625-11631).

### III. Summary of Argument

19.    This appeal is frivolous.

20.    Appellants did not object to the relief granted in the Final Order by the District Court and cannot raise these arguments for the first time on appeal.  Indeed, Appellants' counsel of record advised the Receiver that Appellants had withdrawn their objection to the relief sought in the Second Amended Motion and that she would not appear at the final hearing.  An appropriate Certificate of Conference was filed to this effect.  Appellants have never contradicted or questioned the accuracy or substance of the Certificate of Conference.  Although present in the courtroom, Appellants made no objection when the Receiver included in his proffer to District Court the statement that, through their counsel of record, Appellants had withdrawn their opposition to the relief requested by the Receiver in the Second Amended Motion.

21.    The automatic stay was modified in both the Interim Order and the Final Order to allow the Receiver to continue to administer the receivership assets pursuant to the Receivership Order.  There is no good faith basis to asset that either

the Disclosure Order or Driving Order was sought or entered in violation of the automatic stay.

22.    Based on the record, the District Court did not abuse its discretion by granting relief under section 543(d)(1) through the Final Order.

23.    The entry of the Disclosure Order and the Driver Order did not violate the automatic stay which had already been modified in the Interim Order to allow the Receiver to continue to administer receivership property pursuant to the Receiver Order.

24.    No relief was ever requested or granted to the Receiver under section 1112(b) of the Bankruptcy Code.

25.    Bank. R. Pr. 8007 deals with a stay pending appeal of an order entered by the bankruptcy court.  This rule has no arguable applicability to this appeal.

26.    The Brief reads as if it was generated by AI.

27.    If the Brief was drafted by a human, it is in bad faith.

### IV. <u>Arguments and Authorities</u>

#### A. This appeal is frivolous.

28.    The Appellants' appeal relief granted to the Receiver under section 543(d)(1) of the Bankruptcy Code which allowed the Receiver to remain in place and to administer the Appellants' non-exempt assets under the Receivership Order. The Appellants' counsel of record withdrew their opposition to this relief and, as

promised, did not appear at the hearing. Appellants have never disputed that their counsel withdrew their objections to the relief sought in the Second Amended Motion.

29.     The Receiver's proffer at the final hearing so stated (ROA. 11762) and, although present in the courtroom, Appellants said nothing and made no objection. Appellants have no good faith basis to appeal relief to which they had withdrawn any objection through their counsel of record.

30.     Appellants assert that two orders entered pursuant to the Receiver Order violated the automatic stay. The stay had already been modified through the Interim Order to allow the Receiver to continue to administer the receivership assets and act under the Receiver Order.

31.     There is no good faith basis to argue that the request for, or entry of, either the Disclosure Order or the Driving Order violated the automatic stay.

**B. The Appellants withdrew their objection to the entry of the Final Order granting relief under section 543(d)(1).**

32.     The Appellants commenced a personal bankruptcy case on September 8, 2025. Original bankruptcy jurisdiction is vested in the district court. 28 U.S.C., section 1334(a). The district court may refer a bankruptcy case to the bankruptcy court (28 U.S.C., section 157(a)), which is a unit of the district court (28 U.S.C., section 151). This is how bankruptcy cases are generally handled based on a referral of the case by the district court to the bankruptcy court under standing

orders entered in each judicial district. However, as the ultimate repository of bankruptcy jurisdiction, the district court may at any time withdraw the reference as to all or any part of a bankruptcy case referred to the bankruptcy court. 28 U.S.C., section 157(d). The District Court exercised this power in this case withdrawing the reference to the extent necessary to enter both the Interim Order and the Final Order (ROA.9284 and 11647) granting relief under sections 362(a) and 543(d)(1).

33. Based on communications between the Receiver and Appellants' counsel of record, the Certificate of Conference (ROA.11480) filed by the Receiver reads as follows:

> The undersigned, as Receiver, **confirms that he has conferred with bankruptcy counsel for Dale and Linda Behan, Joyce Lindauer, and that she does not oppose the relief sought on the Receiver's Second Amended Motion for Interim and Final Orders Under Sections 543(d)(1) and 305 (a)(1), for Relief from the Automatic Stay, and Limited Withdrawal of the Reference** [ECF 572. However, Ms. Lindauer is not acting as counsel to the Behans in non-bankruptcy matters on the docket at 1:30 p.m. on October 9, 2025.

(emphasis added). This was served on the Appellants at their current email addresses, and to Ms. Lindauer (Appellants' bankruptcy counsel) via ECF as counsel of record. Appellants have never contested the accuracy or substance of the Certificate of Conference before the District Court, and do not do so in their Appellants' Brief. Indeed, very strangely, Appellants never even mention this.

9

34. Consistent with the Certificate of Conference, the Receiver's proffer on the record at the October 9 hearing included the following testimony without any objection or contradiction by the Appellants: "The motion for relief under section 543(d)(1), which is our Exhibit 2, and at ECF 572, I have conferred with Ms. Lindauer [Appellants' bankruptcy counsel] and Ms. Lindauer is making no objection. We filed a certificate of no objection at ECF 588, stating that fact." [ECF 607, p. 16 of 41] (ROA.11762). Although present in the courtroom at the time, Appellants did not dispute the accuracy of the Receiver's proffer and did not do so in their Appellants' Brief. Appellants' counsel of record, Joyce Lindauer, true to her word, did not attend the hearing. Although Mr. Behan addressed the Court and Mrs. Behan was also present in the courtroom, neither made any objection to granting the relief sought in the Second Amended Motion or disputed that their opposition to the relief requested by the Receiver had been withdrawn by their counsel.

35. Based on this, the District Court made the following findings in paragraph ii of the Final Order (ROA.11644):

> ii. The Behans, through their bankruptcy counsel (Joyce Lindauer), filed an objection [ECF 519] to the interim relief granted through the Interim Order. **With respect to the hearing on the final relief requested in the Second Amended Motion, the Receiver has filed a Certificate of Conference [ECF 588] that bankruptcy counsel for the Behans does not object to the final relief sought in the Second Amended Motion and will not appear at the hearing on October 9, 2025. No further objection was made by the Behans to the final relief sought in the**

10

> **Second Amended Motion, and no objection or opposition was made or voiced to such relief on behalf of the Behans or any other creditor or party-in-interest at the final hearing on the Second Amended Motion.** No evidence was introduced by the Behans or any other party in opposition to the final relief sought by the Receiver on the Second Amended Motion.

(emphasis added). In their Appellants' Brief, Appellants do not dispute the accuracy of this finding. As such, for purposes of this appeal, Appellants are bound by the above findings and cannot in good faith appeal the District Court's orders after withdrawing their objection through their counsel.

36. By withdrawing their opposition to the relief requested in the Final Order, the Appellants have forfeited their right to complain on appeal. A party forfeits an argument by failing to raise it to the district court (as the trial court) in the first instance. *Shahrashoob v. Texas A&M University*, 125 F.4th 641, 649 (5th Cir. 2025), citing *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2025). An appellant may not raise an argument on appeal that the appellant "did not fairly raise or press" to the district court and which the district court did not decide *Shahrashoob*, 125 F.4th at 648. Accord, *Trabucco v. Rivera*, 141 F.4th 720, 728 n.2 (5th Cir. 2025).

37. This is a forfeiture as opposed to a waiver. A waiver is an intentional relinquishment of a known right. *Rollins*, 8 F.4th at 396. Forfeiture is a loss of a right, regardless of intent, by failing to raise it in a timely manner or by failing to

11

adequately brief the issue on appeal. *Id.* at 397, citing *United States v. Zuniga*, 860 F.3d 276, 284 n.9 (5th Cir. 2017).

**C. The District Court did not abuse its discretion in granting relief pursuant to section 543(d)(1) in the Final Order.**

38. Once a bankruptcy case is filed, a receiver already in place is not automatically ousted from possession and control of the assets of the bankruptcy estate. Instead, pursuant to section 543(d)(1) of the Bankruptcy Code, the receiver may be continued in place if this is in the best interests of creditors. The circumstances of this case fully supported the District Court's finding that continuing the Receiver in place was in the best interests of the creditors.

39. Section 543 addresses the impact of bankruptcy upon a custodian of property of the bankruptcy estate. However, section 543(d)(1) creates an exception to this based on the best interests of the creditors:

> (d) After notice and hearing, the bankruptcy court –
>
> (1) may excuse compliance with subsection (a), (b), or (c) of this section if the interests of creditors and, if the debtor is not insolvent, of equity security holders would be better served by permitting a custodian to continue in possession, custody, or control of such property…

40. Two important factors to consider in determining the best interests of the creditors under section 543(d)(1) are whether there will be sufficient income to fund a successful reorganization and whether there has been mismanagement by the debtor. *In re Dill*, 163 B.R. 221, 225 (E.D.N.Y. 1994). "The interests of the

debtor, however, are not part of the criteria considered when applying section 543(d)(1)." *Id.* The "paramount and sole concern is the interests of *all* creditors." *In re Picacho Hills Utility Co., Inc.*, No. 11-13-10742 TL, 2013 WL 1788298, at *7 (Bankr. D.N.M. Apr. 26, 2013) (unreported) (emphasis in original).

41.     The factors set forth in *Dill* have been adopted by a number of courts. *In re Franklin*, 476 B.R. 545, 551 (Bankr. N.D. Ill. 2012); *Picacho Hills*, 2013 WL 1788298, at *8; *In re Orchards Village Investments, LLC*, 405 B.R. 341, 352-53 (Bankr. D. Or. 2009).

42.     A determination under section 543(d)(1) is discretionary. *Dill*, 163 B.R. at 225; *Picacho Hills*, 2013 WL 1788298, at *8.  Appellants' Brief never explains how the District Court abused its discretion in granting relief under section 543(d)(1).

43.     A section 543(d) analysis is "fact intensive, turning upon whether the assets of a particular debtor should be administered by the existing custodian or returned to the debtor." *In re Uno Broadcasting*, 167 B.R. 189, 200 (Bankr. D. Ariz. 1994), *citing In re Dill*, 163 B.R. at 225. Courts consider factors including "whether there will be sufficient income to fund a successful reorganization" and "whether there has been mismanagement by the debtor." *In re Dill*, 163 B.R. at 200. Another important factor is whether the debtor will use the property for the benefit of the creditors. *In re Constable Plaza Assocs., L.P.*, 125 B.R. 98, 103

13

(Bankr. S.D.N.Y. 1991). Based on Appellants' track record before the District Court, it was clear that the property of the estate would not be used by the Appellants for the benefit of creditors.

44. Significantly, no creditor objected to the continuation of the Receiver is place or supported allowing the Appellants to take charge of the receivership assets as debtors-in-possession.

45. Under the circumstances, there was no abuse of discretion by the District Court by continuing the Appellee as Receiver under section 543(d)(1). In paragraphs iv, v, vii, and ix of the Final Order, the District Court made substantial findings on this issue as follows:

> iv. The Behans have no business or business operations or employees. The only income which the Behans have is their Social Security benefits of approximately $4,100 per month, all of which is consumed by their monthly expenses. The Behans have filed sworn pleadings in a lawsuit in Parker County, Texas, stating that if evicted from their residence, they cannot even afford to relocate. The Behans have no cash flow and no funds with which to sustain a reorganization.
>
> v. The Declarations [ECF. 249 and 250], the Behans' Exhibit "J," and the Behans' Schedules filed in the Bankruptcy Case establish that the Behans have no equity in their non-exempt assets, and that all of the Behans' non-exempt assets are fully encumbered. Without limiting the generality of the foregoing, the Court finds that the following properties owned by the Behans are fully encumbered and that there is no equity in such properties:

14

a) The land and residences located at 36 and 52 Wiegand Place, Little Deer Isle, Hancock County, Maine 04650; and

b) The residence and land located at 5000 CR 309, Cleburne, Johnson County, Texas 76031.

***

vii. The "Receivership Property" shall have the same meaning as in the Receiver Order and shall mean all non-exempt property in which either the Behans or their bankruptcy estate pursuant to the Bankruptcy Case claim or have an interest, excluding therefrom only the Schedule C Property (which includes the two vehicles purchased from the Receiver).

ix. The interests of the creditors would be better served by permitting the Receiver, as custodian, on a final and permanent basis, pursuant to section 543(d)(1) to continue in possession, custody, and control of the Receivership Property relating to each of the Receivership Parties, and Receivership Estates, and by allowing the Receiver to continue to perform his duties under the Receivership Order as it relates to the orderly administration of the Receivership Property, Receivership Estates, and the assets of the Receivership Parties, excepting therefrom only the Behans' exempt Schedule C Property. The Receivership Property shall be and remain in *custodia legis* subject to this Court's exclusive in rem jurisdiction. Any discharge granted to the Behans in their Bankruptcy Case shall in no manner impair or alter this Court's exclusive in rem jurisdiction over the Receivership Property.

46.    The District Court did not abuse its discretion by the entry of the Final Order after the final hearing on October 9, 2025. The record fully supports the District Court's action in retaining the Receiver in place. Appellants have cited no

15

evidence or basis in the record to support a contrary conclusion. No creditors came forth to support Appellants or to object to continuing the Receiver in place.

47. Moreover, Appellants had previously communicated through their counsel of record that they did not oppose the relief sought by the Receiver before the District Court, and brought forth no evidence or arguments against the relief granted in the Final Order. By failing to present the argument to the District Court, the Appellants have forfeited any argument on appeal against the relief granted under section 543(d)(1) pursuant to the Final Order. *Shahrashoob*, 125 F.4th at 649, citing *Rollins v. Home Depot USA*, 8 F.4th at 728 n.2.

48. The Appellants' appeal in relation to the section 543(d)(1) relief granted to the Receiver is frivolous and in bad faith.[1]

## D. The Appellants are not persons aggrieved by the Final Order and lack standing to appeal it.

49. In entering the Final Order, the District Court acted as the bankruptcy court exercising original bankruptcy jurisdiction pursuant to 28 U.S.C., section 1334. In order to appeal an order entered by a court exercising original bankruptcy jurisdiction, the appellants must constitute a person aggrieved by the order. *Furlough v. Cage* (*In re Technicool Sys. Inc.*), 896 F.3d 382, 385 (5th Cir. 2018).

---

[1] On page 8 of their Brief, Appellants suggest that the "Receiver was not permitted to serve as a post-petition trustee as stated in section 543(b)." However, the Receiver was never appointed as the bankruptcy trustee for the Appellants. The Receiver's sole office in relation to Appellants and their property is as a receiver appointed by the District Court pursuant to the Receiver Order. This provision has no possible relevance to this appeal or to any relief granted by the District Court.

50.     Appellants have the burden to demonstrate that they have standing to bring this appeal. *Rohm & Hass Texas, Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 209 (5th Cir. 1994); *McCardell v. U.S. Dept. of Housing and Urban Dev.*, 794 F.3d at 516; *Martin v. Halliburton*, 618 F.3d at 481. Here, that means establishing that they are persons aggrieved by the order under appeal.

51.     In order to qualify as a person aggrieved by an order, the prospective bankruptcy appellant must also have attended the hearing and objected in the underlying bankruptcy proceeding. *In re ACIS Capital Management, L.P.*, 604 B.R. 484, 507, n.20 (N.D. Tex. 2019). This rule has been adopted by several Texas district courts. *In re Palmaz Scientific, Inc.*, 262 F. Supp. 3d 428, 435 (W.D. Tex. 2017); *Reeder Real Estate L.P. v. DAK Developments, LLC* (*In re Tony3Cars, LLC*), 2020 WL 13561593 at *5 (N.D. Tex. Dec. 4, 2020); *In re Camp Arrowhead, Ltd.*, 451 B.R. 678, 693-94 (Bankr. W.D. Tex. 2011). This rule has also been adopted by a number of courts of appeal. *In re Ray*, 597 F.3d 871, 874 (7th Cir. 2010); *In re Parr*, 732 Fed. Appx 714, 717 (10th Cir. 2018) (unpublished); *In re Weston*, 18 F.3d 860, 864 (10th Cir. 1994), citing *In re Schultz Mfg. Fabricating Co.*, 956 F.2d 686, 690 (7th Cir. 1992), citing *In re Commercial Western Finance Corp.*, 761 F.2d 1329, 1334-35 (9th Cir. 1985).

52.     In addition, to qualify as persons aggrieved, Appellants must demonstrate that they were "directly and adversely pecuniarily" affected by the order

17

under appeal. *Technicool*, 896 F.3d at 385. "Only those with a direct, financial stake in a given order may appeal it." *Id.* at 386. Appellants were out of the money as to the receivership assets which consist of Appellants' non-exempt property. The District Court so found in paragraph v. of the Final Order. Appellants have never contested this finding either before the District Court or in their Appellants' Brief. Consequently, Appellants do not qualify as persons with a direct financial stake in the order appealed.

53.    It is also settled that any issue not raised in appellants' opening brief is waived. *SEC v. Hallam*, 42 F.4th 316, 327 (5th Cir. 2022), citing *United States v. Bowen*, 818 F.3d 179, 192 n.8 (5th Cir. 2016). Appellants' Brief does not address the issue of standing or provide any explanation as to how Appellants are persons aggrieved by the Final Order. Indeed, Appellants cannot be aggrieved parties as to an order as to which their counsel of record withdrew any objections on their behalf.

**E. The automatic stay was modified in both the Interim Order and the Final Order.**

54.    The Final Order retains all of the Appellants' non-exempt assets in *custodia legis* as receivership property (ROA.11643-11649) subject to the District Court's exclusive jurisdiction. The Appellants' exempt property, referred to as the "Schedule C Property" in paragraph vi of the Final Order, is carved out and is outside the scope of the receivership. Both the Interim Order and the Final Order allow the

18

Receiver to continue to administer the receivership assets in accordance with the Receiver Order.

55.    However, the Receiver was very mindful of the impact of the automatic stay on property subject to the receivership and immediately sought relief from the automatic stay pursuant to section 362(a) of the Bankruptcy Code.  Such relief was granted in the Interim Order (ROA.9284-88) prior to seeking or obtaining relief in the form of either the Disclosure Order or the Driving Order.  Appellants' counsel likewise withdrew their objection to the relief from the automatic stay in the Final Order (*See* Certificate of Conference, ROA.11480).  Appellants, although both present in the courtroom, likewise made no objection to granting relief from the stay.

56.    Neither the Disclosure Order nor the Driving Order even arguably violated the automatic stay based on the relief from the stay granted in the Interim Order prior to the entry of either order (ROA.9284-85).  To the extent Appellants assert any violation of the automatic stay, this appeal is also frivolous and in bad faith.

**F. Section 1112(b) has no application to this appeal.**

57.    Appellants first point in the Appellants' Brief at page 7 is that the District Court abused its discretion by ignoring the automatic stay in granting the Receiver's motions "which did not comply with 11 U.S.C., § 1112."  A similar point is raised at the top of page 9 of the Appellants' Brief.  However, section 1112(b)

19

deals with a motion to convert or dismiss a Chapter 11 bankruptcy case. The relief granted by the District Court under section 543(d)(1) as well as the modification of the automatic stay had no relationship to section 1112.[2] Any appellate point relating to section 1112 is completely frivolous and groundless and has no relationship to this appeal.

**G. Bankruptcy R. Pr. 8007 has no applicability to this appeal.**

58.    Pages 8 and 10 of Appellants' Brief deal with Bankruptcy R. Pr. 8007. This point is truly bizarre as this rule has no application, even arguably, to this appeal.

59.    A district court may act as the bankruptcy court (28 U.S.C., section 1334(a)) exercising original bankruptcy jurisdiction. That is the case here. If the bankruptcy case is referred to the bankruptcy court by the district court, the district court then acts as the initial appellate court for appeals from orders entered by the bankruptcy court (28 U.S.C., section 158(a)). In that case, Part VIII of the Bankruptcy Rules of Procedure applies to any appeal to the district court (as the initial appellate court) of an order entered by the bankruptcy court.

---

[2] The Receiver did file a motion (ROA 9198-9220) to dismiss both the River North and Hermitage Newark corporate bankruptcy cases. This motion to dismiss was ultimately granted (ROA 9964-9969). No appeal was filed as to the order dismissing the bankruptcy cases filed by River North and Hermitage Newark. These are different bankruptcy cases from that filed by Appellants and have no relation to this appeal.

60. Bankruptcy Rule 8007 deals with an appellant seeking a stay pending appeal from the district court as to an order entered by the bankruptcy court. In such cases, the motion ordinarily must be filed first in the bankruptcy court (Rule 8007(a)(1)). However, this rule has no application here. The District Court acted here to exercise original bankruptcy jurisdiction under 28 U.S.C., section 1334(a). There was no appeal from an order entered by the bankruptcy court to which Rule 8007 might even arguably apply, nor was any relief ever requested or granted under Rule 8007.

61. To this extent this appeal raises an issue under Rule 8007, it is both frivolous and in bad faith.

## H. The Receiver did not violate either of sections 362 or 543.

62. The next point, at the bottom of page 8 of the Appellants' Brief, is that the Receiver violated section 362 and 543 by failing to immediately turnover property to the bankruptcy estate. The original pleading seeking relief from section 543 was filed on September 15, 2025, three days after the filing of the Appellants' Suggestion of Bankruptcy with the District Court. The Interim Order and Final Order relieved the Receiver of any possible duty to deliver the receivership property to the Appellants as debtors-in-possession. The District Court modified the automatic stay in both the Interim Order and the Final order to allow the Receiver to continue to act under the Receiver Order. As explained above, Appellants did not

21

contest this relief before the District Court and may not now do so now for the first time on appeal. There is no good faith basis to argue that the Receiver violated either statute.

## I. There is no issue of bad faith under the *Little Creek* opinion.

63.    The last point raised on page 10 of Appellants' Brief relates to a determination of bad faith under the Court's seminal decision in *In re Little Creek Development, Co.*, 779 F.2d 1068 (5th Cir. 1986). No relief relating to section 543(d) was ever sought or granted by the Receiver against the Appellants under the doctrine of the *Little Creek* decision. This opinion has no direct relationship to this appeal, although it does strongly suggest that Appellants' bankruptcy case was filed in bad faith.

## J. Appeal brought in bad faith.

64.    This appeal is frivolous and brought in bad faith. Appellants' Brief reads as if it was written by AI. It completely ignores the controlling facts that Appellants' counsel of record withdrew their objections, and that the Receiver was granted the necessary relief from the automatic stay before entry of either the Disclosure Order or the Driving Order.

## V. <u>Prayer for Relief</u>

**ACCORDINGLY,** the Receiver respectfully requests that this Court affirm the District Court in all things, denying this frivolous appeal, and for such other relief

which he may be entitled.

Dated: March 27, 2026                Respectfully submitted,

                                     */s/ J. Robert Forshey*
                                     J. Robert Forshey
                                     **VARTABEDIAN KATZ HESTER**
                                     **& HAYNES LLP**
                                     301 Commerce Street, Suite 2200
                                     Fort Worth, Texas 76102
                                     Telephone: (817) 214-4990
                                     Fax No (817) 214-4988
                                     bobby.forshey@vkhh.com

                                     **APPELLEE-RECEIVER**

## Certificate of Compliance

I certify that this motion complies with the word limit of Fed. R. App. P. 32 because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), contains 5,278 words.

                                     */s/ J. Robert Forshey*
                                     J. Robert Forshey

**<u>Certificate of Service</u>**

I hereby certify that on March 27, 2026, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

*/s/ J. Robert Forshey*
J. Robert Forshey
